IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSOURI

DARRELL MCCLANAHAN et al. )
        Plaintiffs, )
)
vs )  Case No. 16LF-CV00580
)  Division: 2
STATE OF MISSOURI et al. )
        Defendant. )
)

## STATE OF MISSOURI'S MOTION TO DISMISS

Pursuant to Rule 55.27(a)(6) and Rule 55.27(f) of the Missouri Rules of Civil Procedure, Defendant State of Missouri, by and through their counsel, Scott Ison, hereby moves this Honorable Court for dismissal of all the allegations against it by Plaintiff for failure to state a claim upon which relief can be granted. Plaintiff's Petition titled "Complaint" fails to allege specific facts establishing any cause of action.

In support of this motion, Defendant provides the Court with the following facts and authorities for its consideration.

Plaintiffs filed their Petition titled "Complaint" on June 6, 2016, in the Circuit Court of Lafayette County, Missouri. On June 9, 2016, Defendant, State of Missouri, was served with the Petition. Accordingly, pursuant to Rule 55.25(a) and 44.01(a) of the Missouri Rules of Civil Procedure, a responsive pleading is due on July 11, 2016.

Rule 55.27(a)(6) of the Missouri Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." *Bohac v. Walsh*, 223 S.W.3d 858, 862 (Mo. App. E.D. 2007). Even taking all the facts in Plaintiff's Petition as true, this Rule still empowers the Court to dismiss Plaintiff's case when they are not entitled to relief based upon the petition. *Id.*

EXHIBIT 5

## State prosecutors have absolute immunity

It is well established that that state prosecutors, as long as they are acting within the scope of their criminal duties, have absolute immunity from civil suits. *Shaw v. City of St. Louis*, 664 SW 2d 572, 575 (Mo. App. E.D. 1983). This long standing rule has also been reached by the United States Supreme Court. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Although it is hard to decipher the actual claim in Plaintiff's count I titled "Negligence", since it is just one long paragraph, it is clear that Plaintiffs did not allege any facts to support a waiver of the absolute immunity afforded to a state prosecutor. As in the *Imbler* case and the *Shaw* case, Plaintiffs are complaining about the prosecution and grand jury presentation of Darrell McClanahan's criminal case 16LF-CR00130. It is clear that these actions fall within the absolute immunity granted to state prosecutors.

Even if the Court were to take all the facts contained in Plaintiffs' "Complaint" as true, it is clear that the state prosecutors involved in this case have absolute immunity based upon their actions. Because of this absolute immunity, Plaintiffs have failed to state of claim upon which relief can be granted and the Court should dismiss Plaintiffs' cause of action without prejudice.

## The State of Missouri has Sovereign Immunity

"Section 537.600, RSMo 1994, provides that the doctrine of sovereign immunity remains the general rule in Missouri protecting public entities from liability for negligent acts." *Fantasma v. Kansas City, Mo., Board of Police Comm'rs*, 913 S.W.2d 388, 391 (Mo. App. W.D.1996). Although there are two exceptions that apply under Section 537.600, neither of these exceptions are pleaded in Plaintiffs' Petition and even if they were pleaded, are not applicable to this case. In

addition, Plaintiffs only cause of action is for negligence which is exactly what Missouri's sovereign immunity statute covers.

When a court finds that the State is entitled to Sovereign Immunity, dismissal of Plaintiffs' cause of action is proper. *Langley v. CURATORS OF UNIVERSITY OF MO.*, 73 SW 3d 808, 813 (Mo. App. W.D. 2002). There is no doubt that the State of Missouri is entitled to Sovereign Immunity and as such, the Court should dismiss Plaintiffs' cause of action with prejudice.

### Plaintiffs have failed to comply with Rule 55.05

Under Rule 55.05 of the Missouri Rules of Civil Procedure, a plaintiff in their petition must set forth a statement of facts in which their claim rests. *ITT Commercial Finance v. Mid-Am. Marine*, 854 SW 2d 371, 379 (Mo. banc 1993). Plaintiffs' "Complaint" completely fails to state a cause of action, and as such, is insufficient. *Id.* Plaintiffs' only claims are against Chief Lamphier and how he investigated this case. These claims are not supported by any facts or evidence; they are merely conclusory statements who hold no basis for lability.

Most importantly, there are absolutely no allegations against the State of Missouri nor any facts to support a cause of action against the State of Missouri. It appears that Plaintiffs are complaining about what occurred in a different case and a different proceeding in case 16LF-CR00130 which is currently pending before Judge Rolf in the Circuit Court of Lafayette County Missouri. If Plaintiffs have complaints about what has occurred or not occurred in that case, the proper remedy is to address the issues in that case before that judge, not by filing a separate civil suit before a different judge.

3

Further, Plaintiffs' "Complaint" has failed to allege any facts necessary to recover the relief they seek. Plaintiffs' relief sought is either outside the jurisdiction of the Court in this case or merely a statement in which a criminal defendant is trying to declare his innocence against a pending felony criminal law violation. Failure to plead facts and the relief sought is a fatal defect under this Rule and allows the Court to dismiss the case based upon a failure to state a claim upon which relief can be granted.

For the foregoing reasons, Defendant prays for an Order from this Court granting its Motion to Dismiss and dismissing Plaintiffs' Petition with prejudice, granting Defendant its attorney fees and costs, and for such other and further relief the Court may deem as just and proper.

Respectfully Submitted,

/s/ Scott Ison
SCOTT ISON           No. 58457
Assistant Prosecuting Attorney
116 S 10th St – PO Box 70
Lexington, MO 64067
Telephone:    (660) 259-6181

ATTORNEY FOR DEFENDANT
STATE OF MISSOURI

4

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing was sent via first class U.S. mail this 8th day of July, 2016 to:

Darrell McClanahan
April Miller-McClanahan
2413 Franklin Ave.
Lexington, MO 64067
PLAINTIFFS


Chief Mark Lamphier
Lexington Missouri Police Department
203 N. 25th Street
Lexington MO 64067
DEFENDANT


/s/ Scott Ison
Scott Ison

5

Case 4:16-cv-01086-ODS   Document 1-5   Filed 10/07/16   Page 5 of 5