IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

DARRELL MCCLANAHAN and ) 
APRIL MILLER-MCCLANAHAN, )
)
    Plaintiffs, )
)
vs. ) Case No.: 4:16-CV-01086-ODS
)
STATE OF MISSOURI and )
CHIEF MARK LAMPHIER, )
)
    Defendants. )

## ANSWER OF DEFENDANT LAMPHIER

COMES NOW Defendant Lamphier (hereinafter "Answering Defendant"), by and through his undersigned counsel of record, and for his Answer to Plaintiffs' "Restated Amended Petition" (hereinafter "Complaint") states and alleges to the Court as follows.

1. Answering Defendant admits Plaintiff Darrell McClanahan has been charged with an offense, but denies the balance of the allegations made or contained in the paragraph denominated as "Count 1" of the Complaint.

2. Answering Defendant denies the allegations made or contained in the paragraph denominated as "Count 2" of the Complaint.

3. Answering Defendant denies the allegations made or contained in the paragraph denominated as "Count 3" of the Complaint.

4. Answering Defendant is without sufficient information or knowledge to admit or deny whether Plaintiffs are convicted felons and, therefore, denies same; however, Answering Defendants deny the balance of the allegations made or contained in the paragraph denominated as "Count 4" of the Complaint.

{00331380}   1

5. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in the paragraph denominated as "Count 5" of the Complaint and, therefore, denies same.

6. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in the paragraph denominated as "Count 6" of the Complaint and, therefore, denies same.

7. Answering Defendant denies the allegations made or contained in the paragraph denominated as "Count 7" of the Complaint.

8. Answering Defendant denies the allegations made or contained in the paragraph denominated as "Count 8" of the Complaint.

9. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in the paragraph denominated as "Count 9" of the Complaint and, therefore, denies same.

10. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in the paragraph denominated as "Count 10" of the Complaint and, therefore, denies same.

11. Answering Defendant deny the unnumbered paragraph beginning at the bottom of page 7 of the Complaint which begins with the words "The Petitioners are making the claim . . . ."

12. Answering Defendant denies the prayer for relief appearing on page 8 of the Complaint.

13. Answering Defendant denies each and every other allegation, matter and averment made or contained in the Complaint not specifically and previously admitted herein.

14. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant and fails to state a claim upon which relief may be granted against him so that the same should be dismissed at Plaintiffs' costs.

15. For other affirmative answer and defense, Answering Defendant alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature and taken in good faith, and that this Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

16. For other affirmative answer and defense, Answering Defendant alleges he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged.

17. For other affirmative answer and defense, Answering Defendant alleges that Plaintiffs' damages, if any, were proximately caused by their own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendant, and whose fault should be compared.

18. For other affirmative answer and defense, Answering Defendant states that to the extent, if any, that Plaintiffs' Complaint attempts to state any cause of action under Missouri state law, Answering Defendant is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, *et seq.*

19. For other affirmative answer and defense, Answering Defendant states that to the extent Plaintiffs' Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiffs lack standing, fail to present a justiciable claim and/or

{O0331380}  3

Case 4:16-cv-01086-ODS   Document 5   Filed 10/14/16   Page 3 of 7

have failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

20. For other affirmative answer and defense, Answering Defendant states that Plaintiffs are not entitled to any punitive damage award against him for any one or more of the following reasons:

(a) The standards by which Answering Defendant's conduct is to be determined as alleged by Plaintiffs are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution;

(c) Plaintiffs' request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiffs' request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiffs' request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiffs' request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United

States Constitution in that a defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g) Plaintiffs' request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h) An award of punitive damages would violate Answering Defendant's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i) To the extent Answering Defendant is being sued in his representative and/or official capacity, Plaintiffs are not entitled to any punitive damage award against him, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.*;

(j) To the extent Answering Defendant is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

21. For other affirmative answer and defense, Answering Defendant states that any and all action or acts committed by him or on his behalf were discretionary in nature, were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, Answering Defendant is protected from liability by the doctrine of qualified immunity.

22. For other affirmative answer and defense, Answering Defendant states the conduct, decisions, actions and/or inaction attributed to him by Plaintiffs in the Complaint involved

discretionary activity and/or conduct and, accordingly, Answering Defendant is shielded from liability by operation of Missouri's official immunity doctrine.

23. For other affirmative answer and defense, Answering Defendant states the alleged conduct, decisions, action and/or inaction attributed to him involved duties owed to the public at large and, accordingly, Answering Defendant is shielded from liability by virtue of Missouri's public duty doctrine.

24. Answering Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to him.

WHEREFORE, based upon the above and foregoing, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Answering Defendant demands a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ David S. Baker
David S. Baker                        #30347
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-523-4667, Ext. 121; Fax: 816-523-5667
dbaker@fisherpatterson.com
*Attorneys for Defendant Lamphier*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and deposited a true and correct copy of the above and foregoing in the United States Mail, postage prepaid, addressed as follows:

Darrell L. McClanahan, III
2413 Franklin Avenue
Lexington, MO 64067

April Mary Miller-McClanahan
2413 Franklin Avenue
Lexington, MO 64067
*Pro Se Plaintiffs*

                                              /s/ David S. Baker
                                              DAVID S. BAKER

{O0331380}　　　　　　　　　　　　　　　7

Case 4:16-cv-01086-ODS   Document 5   Filed 10/14/16   Page 7 of 7