IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRELL McCLANAHAN and, ) | |
| APRIL MILLER-McCLANAHAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 16-1086-CV-W-ODS |
| ) | |
| CHIEF MARK LAMPHIER, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS, (2) DENYING AS MOOT PLAINTIFFS' MOTION TO AMEND COMPLAINT, (3) DENYING AS MOOT PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO APPOINT EXPERTS, AND (4) VACATING SCHEDULING AND TRIAL ORDER

Pending are Defendant's motion to stay proceedings (Doc. #24), Plaintiffs' motion to amend complaint (Doc. #21), and Plaintiffs' motion for extension of time to appoint experts (Doc. #22). For the following reasons, Defendant's motion is granted. Because the Court stays the proceedings and administratively closes this matter, the Court vacates the Amended Scheduling and Trial Order, rendering Plaintiffs' motions moot. Doc. #16.

### I.    BACKGROUND

On February 17, 2016, Plaintiff Darrell McClanahan ("Darrell") was arrested by Defendant Mark Lamphier ("Defendant"), and charged with Theft/Stealing and Resisting Arrest.[1] Plaintiffs allege their constitutional rights were violated when Defendant entered their home and "assaulted" Plaintiff April McClanahan ("April") by "refusing to honor her request to not answer questions and to be represented by an attorney,"

---

[1] Plaintiffs filed their complaint on June 6, 2016, in the Circuit Court of Lafayette County, Missouri. Doc. #1-1. The case was then removed to this Court on October 7, 2016. Doc. #1. These facts are taken from Plaintiffs' restated amended complaint. Doc. #1-11.

"assaulted" Darrell by "making verbally offensive accusations" and "unlawfully placing [Darrell] in handcuffs," and placing Darrell under arrest and "not charging him with anything at the time nor having a warrant." Plaintiffs seek monetary damages and equitable relief pursuant to 42 U.S.C. § 1983, for alleged violations of their federally protected rights.

The Court takes judicial notice of Darrell's pending criminal proceeding in the Circuit Court of Lafayette County. *See* Case No. 16LF-CR00130. A jury trial on Darrell's pending charges for Theft/Stealing and Resisting Arrest is scheduled for January 3, 2018. Doc. #24-1. Defendant moves to stay this civil action pending the outcome of Darrell's state criminal case.

## II. DISCUSSION

Defendant argues a stay is appropriate in this matter, given Darrell's pending criminal matter. When a plaintiff files a civil claim "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Additionally, a civil action adjudicated before the resolution of a related criminal proceeding could impugn any criminal proceedings. *Wallace*, 549 U.S. at 393 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Where a defendant is convicted by a jury in a state criminal case, the defendant may be collaterally estopped from making constitutional claims. *Grant v. Farnsworth*, 869 F.2d 1149, 1151 (8th Cir. 1989). Furthermore, a conviction in a state criminal proceeding may be a defense to a section 1983 suit based on allegedly unlawful conduct in seizing and arresting the suspect. *Allen v. McCurry*, 449 U.S. 90, 101 (1980) (holding collateral estoppel can bar the relitigation of constitutional claims in a section 1983 action when they were fully and fairly litigated and decided in a prior state criminal proceeding); *Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990) (holding a state criminal conviction was a defense to a section 1983 suit asserting the arrest was made without probable cause).

Darrell is party to an ongoing state criminal proceeding, and his section 1983 claim is based on the events related to his state court charges. Plaintiffs argue Darrell's

arrest was made without probable cause or a warrant, and amounted to false arrest and false imprisonment. Plaintiffs' section 1983 claims substantially overlap with Darrell's state criminal proceedings, namely whether Darrell's arrest was lawful. The facts at issue in the state proceeding will bear on the outcome of Plaintiffs' section 1983 claims in this court. Plaintiffs' suit is tied to the outcome of the state proceedings. *Heck*, 512 U.S. at 487.

Plaintiffs' argue a stay would deny April of her constitutional rights and would cause her claims to be dismissed on statute of limitations grounds. These arguments are without merit. April's claims are inextricably tied to Darrell's claims. Plaintiffs have not suggested a way to proceed solely on April's claims without reference to the underlying state proceeding and allegations of false arrest. The Court cannot find a way to do so. Moreover, Plaintiff's claims were filed a mere six months after Darrell's arrest. A stay does not affect the statute of limitations, and Defendant concedes Plaintiffs' suit was filed within the five-year statute of limitations. Doc. #29. By granting a stay, the Court preserves Plaintiffs' claims while ensuring this matter does not impugn the ongoing state criminal proceedings against Darrell. Accordingly, the Court grants Defendant's motion to stay.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to stay proceedings is granted. The Court vacates the Amended Scheduling and Trial Order (Doc. #16), and administratively closes these proceedings pending final disposition of the criminal charges against Plaintiff Darrell McClanahan. The parties are directed to inform the Court of the final disposition of the criminal charges and post-conviction proceedings in Plaintiff Darrell McClanahan's state court proceedings. Upon re-opening of this matter, the Court will issue a new Scheduling and Trial Order and Plaintiffs may refile any motions.

IT IS SO ORDERED.

DATE: October 30, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT