IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRELL MCCLANAHAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 16-01086-CV-W-ODS |
| ) | |
| MARK LAMPHIER, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending are Defendant's motions for judgment on the pleadings (Doc. #36) and summary judgment (Doc. # 40). For the following reasons, both motions are granted.

### I.  BACKGROUND

On February 17, 2016, Plaintiff Darrell McClanahan ("Darrell") was arrested by Defendant Mark Lamphier ("Defendant") and charged with Theft/Stealing and Resisting Arrest.[1] Plaintiffs allege their constitutional rights were violated when Defendant entered their home and "assaulted" Plaintiff April McClanahan ("April") by "refusing to honor her request to not answer questions and to be represented by an attorney," "assaulted" Darrell by "making verbally offensive accusations," "unlawfully placing [Darrell] in handcuffs," and, arresting Darrell but "not charging him with anything at the time nor having a warrant." Plaintiffs seek monetary damages and equitable relief for alleged violations of their federally protected rights. Defendant now moves for judgment on the pleadings (Doc. #36) and summary judgment (Doc. #40) on all claims.

### II.  DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

[1] Plaintiffs filed their complaint on June 6, 2016, in the Circuit Court of Lafayette County, Missouri. Doc. #1-1. The case was then removed to this Court on October 7, 2016. Doc. #1. These facts are taken from Plaintiffs "Restated Amended Complaint." Doc. #1-11.

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (citations omitted). In considering a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Id.* (citations omitted). The Court reviews a motion for judgment on the pleadings under the same standard that governs motions to dismiss for failure to state a claim. *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Section 1983 Claims
#### 1. Official Capacity Claim

The Eighth Circuit requires more than an ambiguous pleading to state an individual capacity claim under 42 U.S.C. § 1983. *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007). This requires a clear statement or a specific pleading indicating plaintiffs are suing defendants in their individual capacities. *Andrus ex rel. v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("specific to personal liability"); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) ("we have repeatedly stated that § 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'plaintiff sues each and all defendants in both their individual and official capacities'"). Because there is no allegation that Defendant is being sued in his individual capacity, only official capacity claims are presented here. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

"Suits against public employees in their official capacity are the legal equivalent of suits against the governmental entity itself." *Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004) (citations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citations omitted); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Therefore, Plaintiffs' claims against Defendant are construed as though they were asserted directly against the City of Lexington ("the City"). Section 1983 liability may attach to a local government if a constitutional violation resulted from an official policy or custom. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (quotations and citations omitted); *see also Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694-95 (1978).

When claiming a constitutional violation resulted from a policy, "a plaintiff must include allegations…by which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy." *Ferguson v. Short*, No. 2:14-CV-04062-NKL, 2014 WL 3925512, at *8 (W.D. Mo. Aug. 12, 2014) (quoting *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)). When claiming a constitutional violation resulted from an unofficial custom, a plaintiff must demonstrate the following:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Corwin*, 829 F.3d at 699-700 (internal quotations and citations omitted); *see also Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007) (en banc).

Plaintiffs allege Defendant is liable for "criminally violating their own code of conduct by not following the proper standards of Missouri Law and civil procedure." Doc. #1-11, at 1. Plaintiffs contend Defendant "went out of his way to escalate a civil disagreement between the Plaintiffs and Kenneth Rinne making sure the Petitioner, Darrell McClanahan, was charged with criminal offenses." Doc. #1-11, at 2. Plaintiffs also assert Defendant's actions in the civil disagreement were unethical "by not making the decision if it had been necessary to have an unbiased party investigate." *Id.*

3

Plaintiffs' allegations, even when liberally construed, do not indicate or allow the Court to draw the inference that the purported constitutional deprivations resulted from an unconstitutional policy of the City. Additionally, Plaintiffs do not allege similar misconduct by anyone associated with the City, or the City was on notice of alleged prior similar misconduct and was deliberately indifferent after being placed on notice. Thus, Defendant's motion for judgment on the pleadings is granted with regard to Count One.

### 2. First Amendment Retaliation Claim

Defendant also moves for judgment on the pleadings with regard to Plaintiffs' First Amendment retaliation claim (Count Two). Plaintiffs allege Defendant "stalked" them and "ordered other officers to do the same to a threatening degree and to harass and intimidate" them. Doc. #1-11, at 2. Plaintiffs also contend Defendant parked down the street from Plaintiffs' residence and "had other officers do the same, handing out tickets for lumber in the driveway and grass too long and to further harass and intimidate plaintiffs." *Id.*

While a government actor retaliating against an individual in response to an exercise of First Amendment rights in criticizing a public official may be a basis for section 1983 liability, Plaintiffs do not allege they criticized Defendant or he retaliated against them for criticizing him (or any public official). *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). To state a viable retaliation claim concerning inappropriate issuance of tickets, a plaintiff "must plead and prove a lack of probable cause for the underlying charge in order to sustain his First Amendment retaliation claim." *Williams v. City of Carl Junction*, 480 F.3d 871, 875 (8th Cir. 2007). Plaintiffs fail to allege the absence of probable cause. Because Plaintiffs fail to allege even the requisite elements of a First Amendment retaliation claim, Defendant's motion for judgment on the pleadings is granted with regard to Count Two.

### 3. Darrell's Claims

4

Defendant argues Darrell's conviction in the underlying state court criminal case bars his claims he was arrested without probable cause or the police reports contained inaccurate or false information which were designed to cause Plaintiff's prosecution.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . [A] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When considering a motion for judgment on the pleadings, a court must generally ignore materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider, among other things, "materials that are part of the public record." *Porus Media Corp.*, 186 F.3d at 1079 (internal quotation marks omitted); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Missouri court records are public records that may be considered on a motion for judgment on the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

Darrell's claims stem from his arrest on February 17, 2016, which resulted in criminal charges filed in the Lafayette County Circuit Court. *See* Case No. 16LF-CR00130. On January 5, 2018, Darrell pleaded guilty. Doc. #31-2. Because Darrell was convicted in the underlying criminal case his section 1983 claims arising from said conviction are not cognizable. Doc. #1-11.

In opposition to Defendant's motion, Plaintiffs argue Darrell's decision to accept a negotiated plea should not bar his civil rights claims because he was represented for a time by the Public Defender's office in the underlying criminal case. However, at the time he was convicted, Darrell was no longer represented by the Public Defender's office. Moreover, Darrell's prior representation by the Public Defender's office is of no relevance.

Finally, Darrell claims he should not have been handcuffed when arrested. For a viable claim of excessive force to exist in the context of handcuffing a suspect upon

5

arrest, there must be something more than alleged minor injuries. *Stepnes v. Ritschel*, 663 F.3d 952, 961 (8th Cir. 2011). Darryl fails to allege any injuries resulting from being handcuffed. Therefore, Defendant's motion for judgment on the pleadings is granted with regard to Count Four.

### 4. April's Claims

Defendant moves for judgment on the pleadings with regard to April's claims based upon an alleged constitutional violation resulting from Defendant verbally "assaulting" her and threatening to call child protective services if she did not prepare a statement about Darrell's conduct. Doc. #1-11, at 2. A threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, or if the threat exerts coercive pressure on the plaintiff, and the plaintiff suffers deprivation of a constitutional right. *King v. Olmstead Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Accepting April's allegations as true, they do not rise to the level of a constitutional deprivation.

April also claims she asked for an attorney but was refused one. Doc. #1-11. "The requirements of *Miranda* are triggered only when a defendant is both in custody and being interrogated." *United States v. Head*, 407 F.3d 925, 928 (8th Cir. 2005). April does not plead any facts indicating she was in custody. Therefore, the protections afforded by *Miranda* do not apply. Further, the Eighth Circuit has concluded a failure to give *Miranda* warnings will not support a section 1983 claim. *Hannon v. Sanner*, 441 F.3d 635, 638 (8th Cir. 2006). April fails to plead a viable constitutional injury. Therefore, Defendant's motion for judgment on the pleadings is granted as to Count Three.

Count Six is duplicative of Count Three, so Defendant's motion for judgment on the pleadings is granted as to Count Six for the same reasons.

### B. Common Law Claims

To the extent Plaintiffs are attempting to allege claims of negligence, invasion of privacy, assault, false imprisonment, or other common law claims, Defendant's motion

6

for judgment on the pleadings is granted. The official immunity and public duty doctrines bar Plaintiffs' common law claims.

"[P]ublic employees are covered by…the official immunity and public duty doctrines," which "have similar policies behind their protections and, in many cases, both doctrines can be applied to protect the defendant government employee." *Southers v. Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008). The official immunity doctrine "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts," but it does not protect public employees from liability for torts committed while acting in a ministerial capacity. *Id.* (citations omitted); *see also Letterman v. Does*, 859 F.3d 1120, 1125-26 (8th Cir. 2017) (citing *Southers*, 263 S.W.3d at 610).

Plaintiffs' allegations against Defendant stem from interactions they had with him in his role as Police Chief. Plaintiffs do not allege facts indicating Darrell's arrest was not within Defendant's discretionary duties. Moreover, Plaintiffs do not assert facts showing Defendant acted in bad faith or with malice. As such, any common law claims against Defendant are barred by the official immunity doctrine.

Under the public duty doctrine, "a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual." *Southers*, 263 S.W.3d at 610 (citation omitted). The public duty doctrine does not apply when a public employee acts "in bad faith or with malice." *Id.* (quoting *Jackson v. Wentzville,* 844 S.W.2d 585, 588 (Mo. Ct. App. 1993) (considering whether the plaintiffs had sufficiently alleged that the defendant public employees "acted in bad faith or with malice" before assessing if the public duty doctrine would protect those employees).

The duties of police to enforce the laws and keep the peace are generally owed to the public at large and not to any one individual. Here, Plaintiffs' complaint does not indicate anything other than Defendant's decision to arrest Darrell was made in the course of Defendant's duties as Police Chief and was an exercise of Defendant's professional expertise and judgment. Therefore, in addition to being barred by the official immunity doctrine, Plaintiffs' common law claims are also barred by the public duty doctrine. Thus, Defendant's motion for judgment on the pleadings is granted with regard to Plaintiffs' common law claims.

### C. Remaining Claims

Count Eight is duplicative of Counts One through Seven. Therefore, Defendant's motion is granted with regard to Count Eight for the same reasons stated above. The only claims remaining in the complaint are Counts Nine and Ten. Count Nine was dismissed on July 27, 2016, when the State of Missouri was dismissed as a defendant. Doc. #1-8. To the extent Plaintiffs are attempting to state a claim against Defendant in Count Ten, the claim is duplicative of Counts One through Five, and Count Seven. Defendant's motion for judgment on the pleadings with regard to Count Ten is granted for the same reasons.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Although the Court grants Defendant's motion for judgment on the pleadings, the Court will nonetheless discuss Defendant's motion for summary judgment. A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying these standards, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### A. Plaintiffs' Response to Defendant's Motion

When responding to Defendant's summary judgment motion, Plaintiffs did not respond – in any fashion – to Defendant's Statement of Facts. When a party fails to address facts, the party is deemed to have admitted those facts. L. R. 56.1(b) (stating "[a] party opposing a motion for summary judgment must admit[] or controvert[] each separately numbered paragraph in the movant's statement of facts…. Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted…."); *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted). The Court finds Plaintiffs have admitted all facts set forth by Defendant.

Plaintiffs raise two arguments in opposition to Defendant's summary judgment motion. First, they assert Defendant's motion is "untimely." Doc. #42, at 2. March 1, 2019 was the deadline for filing dispositive motions. Doc. #34. Defendant's motion for summary judgment was filed on February 27, 2019. Doc. #40. Therefore, Defendant's motion for summary judgment was timely submitted.

Second, Plaintiffs argue Defendant's motion for summary judgment "is not ripe, as the pending defense motion for judgment on the pleadings covers substantially the same areas and assertions, addresses similar questions and areas of law, and remains undecided and open before this court." Doc. #42, at 2. To the extent Plaintiffs are referring to the ripeness doctrine, their argument fails. "The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000). Its "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (*quoting Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967)). "It requires that before a federal court may address itself to a question, there must exist a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Id.* (internal quotation marks omitted). As applied to the pending motion, there exists a real, substantial controversy between the parties and the disputes are definite and concrete. The ripeness doctrine does not preclude consideration of the summary judgment motion.

Instead, Plaintiffs seem to suggest the Court must issue its decision on Defendant's motion for judgment on the pleadings before considering Defendant's motion for summary judgment. But Plaintiffs do not cite any authority for their argument. Moreover, Plaintiffs do not argue they are unable to respond to the summary judgment motion, and that may be because the motion was filed after the close of discovery. Regardless, the Court declines to ignore Defendant's summary judgment motion simply because the Court had not issued a decision on Defendant's motion for judgment on the pleadings. Finally, the Court **has** ruled Defendant's motion for judgment on the pleadings *supra*, section II of this Order.

### B. Section 1983 Claims

As set forth *supra*, section II(A)(1), only official capacity claims are presented here. To present a viable section 1983 claim against a governmental entity, Plaintiff must demonstrate the constitutional deprivation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin*, 829 F.3d at 699. It is uncontroverted that Defendant does not have final policymaking authority for the City's Police Department. Doc. #41. Before any Police Department policies can be put into effect, they must be presented to and reviewed by the City Attorney and approved by the Mayor of the City. *Id.* Defendant did not have the authority or ability to make those decisions. *Id.* For the reasons set forth *supra*, section II(A)(1), and because Defendant was not the final policymaker for the City's Police Department, Defendant's motion for summary judgment is granted.

### IV.  RECONSIDERATION OF PLAINTIFFS' MOTION TO AMEND

In their response to Defendant's motion for judgment on the pleadings, Plaintiffs argue the Court should *sua sponte* reconsider their motion to amend the pleadings. On August 30, 2017, Plaintiffs filed a motion to amend the pleadings. Doc. #21. The Court directed Defendant to respond to Plaintiff's motion. Doc. #23. On September 12, 2017, Defendant moved to stay proceedings pending the outcome of Darrell's state criminal case. Doc. #24. On October 30, 2017, the Court granted the motion, stayed the matter, **and** denied as moot Plaintiffs' motion to amend the pleadings. Doc. #30.

On May 11, 2018, Defendant informed the Court that Darrell was convicted of misdemeanor counts of stealing by deceit and resisting arrest, pursuant to his guilty plea. Doc. #31. The Court lifted the stay and directed the parties to submit a proposed scheduling order. Doc. #32. The parties submitted their proposed scheduling order, recommending motions to join parties or amend pleadings be filed by August 20, 2018. Doc. #33. Thereafter, Court issued its Scheduling and Trial Order, setting August 20, 2018, as the deadline for filing motions to join parties and amend pleadings. Doc. #34. Plaintiffs neither refiled their motion to amend nor asked to renew the previously denied motion to amend.

"A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 719 (8th Cir. 2008) (internal quotation marks omitted). Although Plaintiffs have known since June 2018 that motions to amend had to be filed by August 20, 2018, Plaintiffs never refiled their motion to amend. Additionally, Plaintiff never asked the Court to renew their motion to amend or reconsider its previous denial of their motion. Instead, Plaintiffs did not raise the issue until they responded to Defendant's motion for judgment on the pleadings, which was filed in December 2018. Plaintiffs do not explain their failure, and they do not provide any basis for why they proposed a new deadline for filing motions yet did not refile their motion by that deadline. Therefore, the Court will not reconsider Plaintiffs' motion to amend.

## V. CONCLUSION

For the foregoing reasons, Defendant's motions for judgment on the pleadings and summary judgment are granted.

IT IS SO ORDERED.

DATE: April 15, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT